# CHAPTER 6. MAGISTERIAL DISTRICT JUDGES

## RULE 601. CERTIFICATION REQUIREMENTS OF INTERESTED PERSONS

(a) Magisterial district judges and arraignment court magistrates who are not members of the bar of this Commonwealth must complete a course of training and instruction in the duties of their respective offices and pass an examination and be certified by the Administrative Office of Pennsylvania Courts prior to assuming office.

(b)(1) Any interested individual may apply to the Minor Judiciary Education Board to be enrolled in the course of training and instruction and take the examination to be certified.

(2) Any individual who has successfully completed the course of training and instruction and passed the examination, but who has not served as a magisterial district judge or arraignment court magistrate shall be certified for only a two-year period, and must complete the continuing education course every year in order to maintain his or her certification.

(c) Any individual certified under paragraph (b) who has not served as a magisterial district judge or arraignment court magistrate within two years will be required to take a review course as defined by the Minor Judiciary Education Board and pass an examination in order to maintain his or her certification by the Administrative Office of Pennsylvania Courts.

> *Note:* The text of this rule is taken from Rule 19 of the Rules Governing Standards of Conduct of Magisterial District Judges, rescinded March 26, 2015, effective immediately. Rule 19 was amended in 2006 to limit to two years the period of certification for individuals who have successfully completed the certification course and examination but have not served as judges or arraignment court magistrates. The rule permits individuals who are certified to serve as judges or arraignment court magistrates but who have not done so within two years of certification to take a review course and pass an examination to maintain their certification for an additional two-year period. Admission to the review course and recertification examination under paragraph (c) may be limited by the availability of

space. In addition, the rule requires that all certified individuals must attend the annual continuing education course to maintain certification.

Act 17 of 2013, signed by the Governor and immediately effective on June 19, 2013, effectively abolished the Traffic Court of Philadelphia and transferred most of its duties to a new Traffic Division of the Philadelphia Municipal Court. See 42 Pa.C.S. § 1121. Under Act 17, the Traffic Court of Philadelphia is composed of two judges serving on the court on the effective date of the Act and whose terms expire on December 31, 2017. See 42 Pa.C.S. § 1321. Because this Rule concerns the certification and recertification of persons not yet elected to judicial office, all references to the Traffic Court of Philadelphia have been removed.

## RULE 602. CONTINUING EDUCATION REQUIREMENT

(a) Every magisterial district judge shall complete a continuing education program each year equivalent to not less than 32 hours per year in such courses or programs as are approved by the Minor Judiciary Education Board. If a magisterial district judge fails to meet these continuing education requirements, the judge shall be subject to suspension by the Supreme Court until such time as evidence of compliance with such requirements is submitted by the Board, but in no event longer than six months at which time the failure to meet the continuing education requirements shall be grounds for the Supreme Court, after a hearing, to declare a vacancy in that district.

(b) The Minor Judiciary Education Board shall conduct at least one continuing education practicum course, consisting of not less than thirty-two hours, which each magisterial district judge, or senior magisterial district judge, whether law trained or non-law trained, within twelve months of first assuming office, shall be required to attend. The Board shall approve the length of the program and the course of instruction. Practicum exercises will be a part of the course of instruction. Senior magisterial district judges may petition the Board for a waiver of this requirement.

(c) No judge who is suspended by Order of the Supreme Court of Pennsylvania or the Court of Judicial Discipline shall be permitted to attend

any continuing education course or program approved by the Minor Judiciary Education Board during the term of suspension. Notwithstanding the attendance requirements set forth in paragraph (a), the judge shall be provided the opportunity to make up any required hours of continuing education once the period of suspension has expired and an Order has been issued returning the judge to active status.

(d) Paragraph (c) shall not apply to any judge suspended for failure to complete the program described in paragraph (a).

> *Note:* The text of this rule is taken, in part, from Rule 20 of the Rules Governing Standards of Conduct of Magisterial District Judges, rescinded March 26, 2015, effective immediately.

## RULE 603. CONTINUING EDUCATION REQUIREMENT: SENIOR MAGISTERIAL DISTRICT JUDGES

(a) Any magisterial district judge who has been certified by the Administrative Office of Pennsylvania Courts as eligible to serve as a senior magisterial district judge shall be admitted to the continuing education program sponsored by the Minor Judiciary Education Board every year as required by Rule 602.

(b) In the event the Court Administrator of Pennsylvania notifies the Minor Judiciary Education Board that a senior magisterial district judge has not accepted an assignment for a continuous period of two years, the Minor Judiciary Education Board may refuse to enroll the senior magisterial district judge in the continuing education program.

> *Note:* With regard to certification of senior judges, see Pa.R.J.A. No. 701.

> The text of this rule is taken from Rule 21 of the Rules Governing Standards of Conduct for Magisterial District Judges, rescinded March 26, 2015, effective immediately.

## RULE 604. CONTINUING EDUCATION REQUIREMENT: PHILADELPHIA MUNICIPAL COURT TRAFFIC DIVISION

(a) Every judge of the Philadelphia Municipal Court Traffic Division shall complete a continuing education program each year equivalent to not less than twenty (20) hours per year in such courses or programs as are approved by the Minor Judiciary Education Board. If a judge of the Philadelphia Municipal Court Traffic Division fails to meet these continuing education requirements the judge shall be subject to suspension until such time as evidence of compliance with such requirements is submitted by the Minor Judiciary Education Board, but in no event for longer than six months at which time the failure to meet the continuing education requirements shall be grounds for removal.

(b) No judge of the Philadelphia Municipal Court Traffic Division who is suspended by Order of the Supreme Court of Pennsylvania or the Court of Judicial Discipline shall be permitted to attend any continuing education course or program approved by the Minor Judiciary Education Board during the term of suspension. Notwithstanding the attendance requirements set forth in paragraph (a), the judge shall be provided the opportunity to make up any required hours of continuing education once the period of suspension has expired and an Order has been issued returning the judge to active status.

(c) Paragraph (b) shall not apply to any judge suspended for failure to complete the program described in paragraph (a).

(d) This Rule shall expire on January 1, 2018.

> *Note:* The text of this rule is taken, in part, from Rule 22 of the Rules Governing Standards of Conduct for Magisterial District Judges, rescinded March 26, 2015, effective immediately.
>
> Act 17 of 2013, signed by the Governor and immediately effective on June 19, 2013, effectively abolished the Traffic Court of Philadelphia and transferred most of its duties to a new Traffic Division of the Philadelphia Municipal Court. See 42 Pa.C.S. § 1121. Section 1121(a)(2) provides that the Traffic Division consists of four judges elected to the Traffic Court prior to the effective date of Act 17 and also that if a vacancy occurs in Traffic Division, it shall not be filled. Act 17 further provides that the Traffic Court of Philadelphia is composed of two judges serving on the court on the effective date of the Act and whose terms expire on December 31, 2017. See 42

Pa.C.S. § 1321. Sections 1121(a)(2) and 1321 expire when Traffic Court is officially abolished by amendment of the Pennsylvania Constitution or on January 1, 2018, whichever date occurs later. Consequently, this Rule will expire on January 1, 2018, when the terms end for the remaining judges elected to the Traffic Court of Philadelphia and assigned to the Philadelphia Municipal Court Traffic Division.

RULE 605. SUPERVISION OF MAGISTERIAL DISTRICT COURTS BY PRESIDENT JUDGES

(A) The president judge of the court of common pleas of a judicial district shall exercise general supervision and administrative authority over magisterial district courts within the judicial district.

(B) The president judge's administrative authority over magisterial district courts within the judicial district includes but is not limited to, and shall be governed by, the following:

   (1) *Records* – The president judge may designate a person to maintain personnel and other records in such form as directed by the president judge or required by general or local rule.

   (2) *Meetings with Magisterial District Judges* – The president judge may require the attendance of magisterial district judges in the judicial district, individually or collectively, at meetings with the president judge or his or her representative.

   (3) *Staff in the Magisterial District Courts* –

      (a) Except where minimum job qualifications for staff in magisterial district courts are prescribed by the Supreme Court of Pennsylvania, the president judge may prescribe minimum job qualifications for staff in the magisterial district courts in the judicial district.

      (b) The president judge may establish a classification system and job descriptions for all authorized staff in the magisterial district courts in the judicial district. The president judge

may establish general procedures regarding the hiring, firing, supervision, and discipline of all authorized staff in the magisterial district courts in the judicial district.

(c) Subject to subparagraphs (a) and (b) above, magisterial district judges

    (i)    shall be responsible for the management of authorized staff in his or her court;

    (ii)    shall assign work among authorized staff in his or her court, and;

    (iii)    may select one authorized staff member as personal staff.

(d) In the interest of efficient administration of the judicial district, the president judge may

    (i)    transfer or reassign a staff member, other than personal staff who may be transferred or reassigned only with the consent of the magisterial district judge, from one magisterial district court in the judicial district to another, and;

    (ii)    hire and assign, as appropriate, temporary or floater staff.

(e) The president judge may establish a system of performance evaluation for staff in the magisterial district courts in the judicial district.

(f) The president judge may prescribe initial and ongoing training for staff in the magisterial district courts in the judicial district.

(4) *Magisterial District Judge Leave: Coverage During Leave -*

(a) The president judge may coordinate leave for magisterial district judges in the judicial district to assure access to justice and judicial resources.

(b) Subject to the provisions of subparagraph (a) above, magisterial district judges shall enjoy autonomy with respect to choosing when to take leave, subject to reasonable coordination by the president judge with the schedules of the other magisterial district judges in the judicial district.

(5) *Office hours* – In consultation with the magisterial district judges, the president judge may designate the ordinary hours of magisterial district courts in the judicial district in accordance with Rule 103 of the Rules and Standards with Respect to Offices of Magisterial District Judges and the efficient administration of justice.

(6) *Temporary Assignments: Transfer of Cases* – In consultation with the affected magisterial district judge(s), the president judge may order temporary assignments of magisterial district judges or reassignment of cases or certain classes of cases to other magisterial districts within the judicial district or to central courts within the judicial district.

(7) *Conduct of Magisterial District Judges* – When a complaint is received with respect to the conduct of a magisterial district judge, the president judge may, in his or her discretion, review the matter with the affected magisterial district judge and take any action the president judge deems appropriate to assure the efficient administration of justice including, where warranted, informing the appropriate disciplinary authority. Contemporaneous notice of any such action taken by the president judge resulting in reassignment of cases or otherwise affecting the duties of the magisterial district judge shall be given to the Supreme Court of Pennsylvania and the Court Administrator of Pennsylvania.

(8) *Procedural Audits* – The president judge may direct that procedural audits of a magisterial district court be conducted to assure compliance with general and local rules, administrative policies and procedures, and the clerical procedures adopted by the Administrative Office of Pennsylvania Courts for management of

7

cases in the Magisterial District Judge System. Such procedural audits shall be separate from the fiscal audits conducted by the county controller or state Auditor General which shall be limited in scope to the accounts of the magisterial district judge. Such procedural audits may be conducted by the district court administrator, an outside independent auditor, or such other person as the president judge may designate.

*Note:* The text of this rule is taken from Rule 17 of the Rules Governing Standards of Conduct for Magisterial District Judges, rescinded March 26, 2015, effective immediately.

This rule recognizes that magisterial district judges are the judicial officials charged with the legal and administrative responsibilities within their respective magisterial districts. Designed to further the efficient and effective administration of justice in the unified judicial system, this Rule contemplates a cooperative approach to the administration of the magisterial district courts, acknowledging judicial independence and the supervisory role of the president judges.

Rule 17 was amended in 2003 to more specifically outline the authority, powers, and responsibilities of the president judges with regard to management of the magisterial district judge system. In so doing, however, it was not intended that this be an exclusive list of powers and responsibilities, nor was it intended to limit the president judges' authority to the areas listed. Given the diverse needs of judicial districts throughout Pennsylvania, how president judges exercise this authority will recognizably be varied. In general, president judges have broad authority with regard to management of the magisterial district courts, but it seemed advisable that certain areas of authority and responsibility be specifically defined.

With regard to paragraph (B)(2), president judges or their representatives are encouraged to meet regularly with the magisterial district judges in the judicial district to foster and maintain open lines of communication regarding the management of the magisterial district judge system.

The term "authorized staff" as used in this Rule means staff positions that have been approved, funded, and hired in accordance with all applicable personnel policies and procedures.

Paragraphs (B)(3)(c) and (B)(4)(b) limit the president judges' authority in certain areas that are within the magisterial district judges' discretion. With regard to paragraph (B)(3)(c), see 42 Pa.C.S. §§ 102 and 2301(a)(1), and Canon 2, Rules 2.3(B), 2.8(B), 2.9(A)(3) and (D), 2.10(C), 2.12 and 2.13 of the Rules Governing Standards of Conduct of Magisterial District Judges. With regard to paragraph (B)(4)(b), see Canon 2, Rules 2.1 and 2.5, and Canon 3, Rules 3.1(A), 3.7(A)-(B), 3.8, 3.9, and 3.11(C) of the Rules Governing Standards of Conduct of Magisterial District Judges.

Paragraph (B)(3)(d)(i) gives president judges authority to transfer or reassign magisterial district court staff as needed, except for personal staff as provided in paragraph (B)(3)(c), who may be transferred or reassigned only with the consent of the affected magisterial district judge. It is contemplated that president judges would consult with and give sufficient notice to the affected magisterial district judges before making transfers.

Nothing in paragraph (B)(3)(f) is intended to circumvent any training program established or required by the Supreme Court of Pennsylvania or the Court Administrator of Pennsylvania.

As to paragraph (B)(6), compare Pa.R.Crim.P. 131(B), relating to central locations for preliminary hearings and summary trials. In addition, if the judicial district is part of a regional administrative unit, magisterial district judges may be assigned to any other judicial district in the unit. See Rule 701(E).

Nothing in paragraph (B)(7) is intended to contradict or circumvent the constitutionally established process for the suspension, removal, and discipline of magisterial district judges. See Pa. Const. art. V § 18; see also 207 Pa.Code Part III (Judicial Conduct Board Rules of Procedure) and Part IV (Court of Judicial Discipline Rules of Procedure). President judges do not have authority to suspend or discipline magisterial district judges.

RULE 606: TRANSFER OF DOCKETS AND OTHER PAPERS

(a) Upon the expiration of his or her term of office, the effective date of his or her resignation or removal from office, or upon his or her abandonment of the office or its duties, a magisterial district judge shall deliver all dockets and other official or like papers to the magisterial office established for the magisterial district in which the former or inactive magisterial district judge maintained his or her residence.

(b) If a magisterial district judge dies in office, his or her personal representatives shall make any delivery required under paragraph (a) of this rule.

> *Note:* The text of this rule is derived from Rule 16 of the Rules Governing Standards of Conduct of Magisterial District Judges, rescinded March 26, 2015, effective immediately.

RULE 607. ACTS OF ASSEMBLY SUSPENDED

All Acts of Assembly or parts thereof inconsistent with Rules 601 through 606 of the Rules of Judicial Administration are suspended to the extent of such inconsistency.

> *Note:* The text of this rule is derived from Rule 81 of the Rules Governing Standards of Conduct of Magisterial District Judges, rescinded March 26, 2015, effective immediately.